RuffiN,Chief-Justice
After stating the pleadings and proofs as above, proceeded as follows: — The only question made in this cause arises on the answer of Ms. JIanruhan; for all the other defendants, w ith becoming fairness, decline any defence, founded on the idea that they do not hold as legatees. They admit they do.
As far as I can understand the truth of the case, tho resistance of the other defendant must be unavailing. — > It is not necessary to enquire even whether an executor or the agent of an executor (for they stand in the same relation to the estate and are alike affected by the rule of policy) can purchase at a sale under execution, ■where it clearly appears that he purchased with his own *410 means, for a fair price, and was purchasing for himself. Upon that proposition I have, at least, a strong inclination to the negative; for the same reasons apply to a sale by execution as to one by the executor. The ground is not in either case that he cannot get a title under the sale, as he had it before. That has been sometimes said, but it is rather a quaint illustration than a satisfactory argument. The true reason is the relation of the executor to the property. He knows its qualities, the situation of the estate and the approaching necessity for a sale, and may be tempted to make advantages by allowing an execution sale. But even at such a sale, it is the duty of an executor to aid in getting the best price as if the property were his own; and it is obvious that much may depend upon full representations of the value of the several articles and upon fair efforts to gain bids. But as a purchaser, his interest is the other way and directly in conflict with his duty and with the interest of the estate. Upon principle it seems to me therefore, that such a sale cannot stand in this court, except at the election of all interested. But in this case the purchaser disavows in express terms all interested motives on his part, and declares that he bought to prevent a sacrifice of the estate, and took a conveyance to Mr. Ross as a trustee only as a security for the advance. He states that there was no intention to defeat creditors; hut the object was to pay all the debts and then convey the residue to the children. It docs not appear that there are any debts but that to the plaintiff, and that seems not to have been known then or when the deed was afterwards made to John Selby. According to that statement, a purpose of the purchase was the benefit of creditors, and the plaintiff could then claim under an express trust for himself. But if that were not so, and the intention was to promote the advantage of the children alone, it would seem to me to enure to the benefit of thé, creditors. The children advanced nothing. The excretor or the agent, which is the same thing, bought avowedly, it may be taken, for the children or a part of then}, and afterwards held the estate as a trust. It *411 would be dangerous to say, that he who is charged with protecting in equal degree the interest of all claiming the estate beneficially or having claims upon it, should have the power of excluding some of the cestuisque trust and conferingthe benefit on a favored portion.
*410 per Ruffix, “rs-uen*. tions apply to purchase* I”a<i® *7 cution «ale of the own!
*411 By Dakixi, Judge, 'arguendo — A levy vests the title to .chattels in the sheriff. His sales ars prima facie fair, and the cus of JHtvtti v. *412 Davis (~2 Dev. H. ‘9,) validate purchases. of assets made by the executor' at his sales. According to the case of Dlount v. Davis, (2 Dev. R. 19.) 'executors may purchase the assets of their testator under a she-riif’a sale.
*411 In this case, however, the estate paid for itself. The purchaser never was any thing out of pocket and claimed the negroes only as security, with a trust as to thr surplus for those to whom the estate would go according to the will. The true construction of such a trust.unless the intent ch-arly and unequivocally appear,must he that it is not only for those to whom the w ill gives the property,but also as the will gives it,that is,subject to the claims of all personsagainst the legatees,as legatees. There wras no intention in the administratrix or Mr. Lavender to defeat the claims of either creditors or the legatees, but on the contrary, as he expresses it to save the estate, which was no doubt mainly with a view to the children — but in doing that, the creditors are necessarily ser» ed incidentally. I therefore think the plaintiff is entitled to relief, and that it must be referred fo the master to state the sum due to him, and to take an account of the estate of the testator in the hands of the defendants respectively, considering the slaves in question to be a part of the estate, which they are declared to be,
Ga»tok, Judge, concurred.